UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


MANUEL RENTERIA,                          No. 2:06-CV-2726-MCE-EFB

        Plaintiff,

    v.                                    <u>MEMORANDUM AND ORDER</u>

CALIFORNIA YOUTH AUTHORITY;
RODERICK HICKMAN; WALTER
ALLEN, III; TIM MAHONEY; STEVE
STENOWSKI; STATE of
CALIFORNIA; CALIFORNIA YOUTH
AUTHORITY; HERRERA; STEVE
CRUZ; DJJ; and STEVE KRUSE,

        Defendants.

                        ----oo0oo----


        Through the present action, Plaintiff Manuel Renteria

("Renteria") has alleged that Defendants California Youth

Authority; Roderick Hickman; Walter Allen, III; Tim Mahoney;

Steve Stenowski; State of California ("State"); California Youth

Authority; Herrera; Steve Cruz; California Department of

Corrections and Rehabilitation Division of Juvenile Justice

("DJJ"); and Steve Kruse ("Defendants") violated his civil rights

by engaging in assault and battery ("First Claim");

1

negligently supervising, hiring, training, disciplining employees and negligently operating a correctional facility ("Second Claim"); engaging in fraud and concealment ("Third Claim"); conspiracy ("Fourth Claim"); constitutional violations of the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments ("Fifth Claim"); violating the Bane Act, Cal. Civ. Code § 52.1 ("Sixth Claim"); negligence per se ("Seventh Claim"); violating Cal. Gov't Code § 845.6 ("Eighth Claim"); and violating Cal. Civ. Code § 51.7 ("Ninth Claim").[1]

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants[2] herein seek an order dismissing the Complaint on the basis that: (1) the State and DJJ are immune from liability for any injury to a prisoner pursuant to California Government Code section 844.6; (2) the State and DJJ cannot be sued in the absence of a statutory basis for liability; (3) Plaintiff's state law claims against the State and DJJ are barred by applicable state statutes; (4) Plaintiff's state law claims for violation of a statutory duty and failure to supervise and state law claims for negligent hiring, supervision, and training are barred in this instance; (5) the complaint fails to allege any statutory mandatory duty owed by any State defendant and has failed to allege any facts to support any viable theory of liability against moving Defendants;

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

[2] Defendant Stenoski (erroneously sued as "Stenowski") has not been served and is not presently moving.  Accordingly, all references to Defendants herein shall not include Defendant Stenoski.

1   (6) the complaint fails to state a claim for violation of

2   California Civil Code section 52.1 (the Bane Act); (7) the

3   complaint fails to state a claim against Defendants State, DJJ,

4   Hickman, Kruse, Allen, Mahoney, and Herrera for violation of

5   California Government Code section 845.6, failure to provide

6   medical care to a prisoner; (8) Plaintiff's claims brought under

7   42 U.S.C. § 1983 against Defendants State, CYA, Hickman, Kruse,

8   Allen, and Mahoney fail as they are sued solely in their

9   supervisory capacity, and the required causal connection between

10  their conduct and the alleged violation is missing; and (9) the

11  Fourteenth Amendment claims brought by Plaintiff are subsumed by

12  the Eighth Amendment.  For the reasons set forth below,

13  Defendants' Motion is GRANTED in part and DENIED in part.

14

15                          **BACKGROUND**

16

17      At all times relevant to this action, Plaintiff Manuel

18  Renteria was a ward of N.A. Chaderjian Youth Correctional

19  Facility ("Chaderjian Youth Facility") in Stockton, California.

20  On December 30, 2003, Plaintiff alleges Defendants negligently or

21  intentionally permitted a canine, Officer Herrera, to attack him

22  causing grievous bodily injury and mental distress.  In addition,

23  Plaintiff alleges Defendants engaged in excessive force and abuse

24  against wards housed at the Chaderjian Youth Facility.

25  ///

26  ///

27  ///

28  ///

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 2007 U.S. LEXIS 5901, 20-22 (U.S. 2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Id.* at 21 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

///
///
///
///

4

1   If the court grants a motion to dismiss a complaint, it must

2   then decide whether to grant leave to amend.  The court should

3   "freely give[]" leave to amend when there is no "undue delay, bad

4   faith[,] dilatory motive on the part of the movant, ... undue

5   prejudice to the opposing party by virtue of ... the amendment,

6   [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); *Foman*

7   *v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is

8   only denied when it is clear that the deficiencies of the

9   complaint cannot be cured by amendment.  *DeSoto v. Yellow Freight*

10  *Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

11

12                          **ANALYSIS**

13

14  **1.   First Claim - Assault and Battery**

15

16  Defendants State and DJJ first claim they are immune from

17  suit pursuant to California Government Code sections 815 and

18  844.6.  Plaintiffs do not object to Defendant State and DJJ's

19  argument they are immune from suit and clarify their First Claim

20  is brought only against Officer Herrera ("Herrera") and

21  supervising employees Hickman, Kruse, Allen, and Mahoney

22  ("Defendant Employees").  Accordingly, the Motion to Dismiss as

23  brought by the State and DJJ is GRANTED without leave to amend.

24  Defendant Employees seek to dismiss this First Claim on the

25  ground that Plaintiff fails to state a claim as against them.

26  Specifically, these Defendants contend the Complaint is

27  insufficient because it does not allege intentional offensive

28  contact with Plaintiff.

                              5

1    A supervisor may be liable in his individual capacity if he
2    sets in motion a series of acts by others, or knowingly refused
3    to terminate a series of acts by others, which he knew or
4    reasonably should have known, would cause others to inflict a
5    constitutional injury.  *See Larez v. Los Angeles*, 946 F.2d 630,
6    646 (9th Cir. 1991); *see also Watkins v. City of Oakland,* 145
7    F.3d 1087, 1093 (9th Cir. 1998) (a supervisor can be held liable
8    in his individual capacity if he participated in the deprivation
9    of a plaintiff's constitutional rights.)  In addition, to the
10   extent Defendants contend Plaintiff failed to allege intentional
11   conduct on the part of Defendant Employees, the Complaint is
12   contrary.  Specifically, the Complaint alleges as follows:  "At
13   said time and place, the herein referenced defendants...
14   intentionally assaulted and battered plaintiff by releasing a dog
15   to attack the plaintiff."  Compl. 3:22-25.  These allegations are
16   sufficient to state a claim for assault and battery as against
17   Defendant Employees.

18   Given the foregoing, Defendants' Motion to Dismiss
19   Plaintiff's claims against Hickman, Kruse, Allen, and Mahoney is
20   DENIED.

21

22   **2.   Second Claim - Negligent Supervision, Hiring, Training,
       Employee Discipline and Operation of a Correctional
23       Facility**

24

25   Defendants seek to dismiss this claim as against Herrera and
26   Defendant Employees on the ground that a claim of negligent
27   supervision, hiring, training, and employee discipline may only
28   be brought against an employer.

6

Plaintiffs rebut that a public officer can be responsible for the acts or omissions of subordinates where the supervisor has directed such acts to be done or has personally cooperated therein.  In fact, as noted above, supervisory liability may be imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates.  *Larez*, 946 F.2d at 646 (citing *Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987)).

The Court finds the claims against Herrera, Hickman, Kruse, Allen, and Mahoney permissible to the extent they directed or personally cooperated in the alleged incidents giving rise to this cause of action.  Accordingly, Defendants' Motion to Dismiss this claim is DENIED.

**3.    Third Claim - Fraud and Concealment**

Defendants argue this Third Claim must be dismissed as to Defendant State and DJJ because those entities are immune from suit.  In addition, Defendants argue Plaintiff has failed to allege a specific statutory basis for this claim.  Plaintiff opposes Defendants' Motion on the ground he has plead sufficient facts to state a claim.  Herrera and Defendant Employees further contend this claim must be dismissed as against them because Plaintiff has failed to allege facts with sufficient particularity for this claim to proceed.

Under the California Tort Claims Act ("CTCA"), a public entity is not liable for "[a]n injury to any prisoner."  Cal. Gov't. Code § 844.6(a)(2).

There are exceptions to the foregoing provision, however,
Plaintiff has failed to allege any of the exceptions applies in
the present action.  Consequently, Defendants' Motion to Dismiss
Plaintiff's Third Claim against the State and DJJ is GRANTED with
leave to amend.

Herrera, Hickman, Kruse, Allen, and Mahoney argue that this
claim has not been plead with sufficient particularity.  The
Court disagrees.  Generally, Federal Rule of Civil Procedure
8(a)(2) requires only a short and plain statement of the claim
showing that the pleader is entitled to relief.  *Bell Atl. Corp.
v. Twombly*, 127 S. Ct. 1955, 1964 (U.S. 2007).  However, when a
plaintiff is pleading fraud, Federal Rule of Civil Procedure 9(b)
requires such a claim be "stated with particularity."

Here, Plaintiff alleges the foregoing employees participated
in the incident giving rise to this claim by watching and failing
to prevent the incident.  Compl. ¶ 21.  In addition, the
Complaint alleges these Defendant Employees filed false written
reports concerning the incident, made false statements,
distortions, misrepresentations, and concealed facts concerning
the events leading up to the incident.  *Id.*

Taking the foregoing to be true, as we must at this stage in
the litigation, the Court finds the allegations sufficient to
state a cause of action against Herrera and the Defendant
Employees for fraud and concealment.  Consequently, Defendants'
Motion to Dismiss the Third Claim as to Herrera and the Defendant
Employees is DENIED.

///
///

8

**4.    Fourth Claim - Conspiracy**

Defendants State and DJJ once again allege they must be dismissed as they are immune from suit under the CTCA. The Court agrees for the reasons set forth supra.  Consequently, Plaintiffs Fourth Claim for conspiracy as against the State and DJJ is DISMISSED with leave to amend.

As in the Third Claim for relief, Herrera and Defendant Employees allege this claim has not been plead with sufficient particularity.  In order to survive a motion to dismiss, the Ninth Circuit has instructed that plaintiffs alleging a conspiracy to deprive them of their constitutional rights must include in their complaint non-conclusory allegations containing evidence of unlawful intent or face dismissal prior to the taking of discovery.  *Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997) (internal quotations and citations omitted).  These allegations may be supported by either direct or circumstantial evidence.  *Id.* at 1195.  This standard is not intended to be difficult to meet as it serves the limited purpose of enabling the district court to dismiss insubstantial suits prior to discovery and allowing the defendant to prepare an appropriate response, and where appropriate, a motion for summary judgment based on qualified immunity.  *Id.* (internal citations and quotations omitted).

In reviewing the Complaint, the Court finds it insufficient to meet the heightened pleading standard required for allegations of conspiracy.  Accordingly, Plaintiffs Fourth Claim against Herrera and Defendant Employees is DISMISSED with leave to amend.

9

1      **5.    Fifth Claim – Civil Rights**

2

3      Defendants State and DJJ seek to dismiss this Fifth Claim on

4  the ground that Plaintiff has improperly named these state

5  entities as neither can be deemed a "person" for purposes of

6  liability under 42 U.S.C. section 1983 ("Section 1983").

7  Plaintiff does not oppose Defendants' position with respect to

8  these two Defendants.

9      Section 1983 provides a federal forum to remedy many

10  deprivations of civil liberties, but it does not provide a

11  federal forum for litigants who seek a remedy against a State for

12  alleged deprivations of civil liberties.  The Eleventh Amendment

13  bars such suits unless the State has waived its immunity.  *Will*

14  *v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).

15  Consequently, this Fifth Claim as against the State and DJJ is

16  DISMISSED without leave to amend.

17      Defendant Employees seek to dismiss this claim on the ground

18  that they must be affirmatively engaged in the deprivation in

19  order to be liable.  Section 1983 imposes two essential proof

20  requirements upon a claimant: (1) that a person acting under

21  color of state law committed the conduct at issue, and (2) that

22  the conduct deprived the claimant of some right, privilege, or

23  immunity protected by the Constitution or laws of the United

24  States.  *Parratt v. Taylor*, 451 U.S. 527, 535, 68 L. Ed. 2d 420,

25  101 S. Ct. 1908 (1981), *overruled on other grounds*, *Daniels v.*

26  *Williams*, 474 U.S. 327, 328, 88 L. Ed. 2d 662, 106 S. Ct. 662

27  (1986).

28  *///*

10

1   There is no question this case is brought against state officials

2   acting under color of law.  Thus, the relevant inquiry is whether

3   Herrera and Defendant Employees' conduct deprived Plaintiff of

4   his constitutional rights.

5          A person deprives another "of a constitutional right, within

6   the meaning of section 1983, if he does an affirmative act,

7   participates in another's affirmative acts, or omits to perform

8   an act which he is legally required to do that causes the

9   deprivation of which [the plaintiff complains]."  *Johnson v.*

10  *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  The inquiry into

11  causation must be individualized and focus on the duties and

12  responsibilities of each individual defendant whose acts or

13  omissions are alleged to have caused a constitutional

14  deprivation.  *See Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77,

15  46 L. Ed. 2d 561, 96 S. Ct. 598 (1976).

16         Here, Plaintiff has alleged Defendant Employees were

17  deliberately indifferent to a long standing custom and practice

18  of using excessive force.  In essence, Plaintiff's argument is

19  that each of these Defendants individually engaged in the

20  affirmative act of creating and enforcing a policy of excessive

21  force.  The Court finds these allegations sufficient to support

22  this Fifth Claim for deprivation of Plaintiff's civil rights.

23  Defendant Employees' Motion to Dismiss Plaintiff's Fifth Claim

24  for violation of the Eighth Amendment is DENIED.

25         Defendant Employees also argue the Fourteenth Amendment

26  element of this Fifth Claim must be dismissed as to all

27  Defendants as it is subsumed by the Eighth Amendment element of

28  this Claim.

1    When an explicit textual provision of the federal

2  constitution protects against a challenged government action, the

3  claim must be analyzed under that specific provision alone and

4  not under the more general guarantee of substantive due process.

5  *Albright v. Oliver*, 510 U.S. 266, 273, 127 L. Ed. 2d 114, 114 S.

6  Ct. 807 (1994) (plurality opinion of REHNQUIST, C. J.) (quoting

7  *Graham v. Connor*, 490 U.S. 386, 395, 104 L. Ed. 2d 443, 109 S.

8  Ct. 1865 (1989)) (internal quotation marks omitted).

9    In fact, it is the Fourteenth Amendment due process clause

10  that makes the Eighth Amendment's prohibition against cruel and

11  unusual punishment applicable to the states.  That said, after

12  conviction, the Eighth Amendment serves as the primary source of

13  substantive protection in cases where the deliberate use of force

14  is challenged as excessive and unjustified.  *Id.* at 395 (internal

15  quotations and citations omitted).  Any protection that

16  substantive due process affords convicted prisoners against

17  excessive force is, at best, redundant of that provided by the

18  Eighth Amendment.  *Id.*  Accordingly, Defendants' Motion to

19  Dismiss Plaintiff's Fourteenth Amendment claim to the extent he

20  relies on it to seek redress for a violation of substantive due

21  process is GRANTED without leave to amend.

22

23    **6.   Sixth Claim - Bane Act**

24

25    Defendants State and DJJ seek to dismiss this Sixth Claim on

26  the ground they are immune.  The Court agrees for the reasons set

27  forth above.  Defendant State and DJJ's Motion to Dismiss the

28  Sixth Claim for relief is GRANTED with leave to amend.

12

1    Defendants further argue that, with respect to Herrera and

2  Defendant Employees, Civil Code section 52.1(a),(b) prohibit

3  violations of civil rights brought about by "threats,

4  intimidation, or coercion" but that Plaintiff fails to so allege.

5  Plaintiff, conversely, argues his Complaint sufficiently alleges

6  intimidation and coercion by use of excessive force.

7    In a thorough review of the Complaint, the Court finds the

8  Complaint does sufficiently state a claim for violation of the

9  Bane Act.  Specifically, Plaintiff does allege he suffered

10 brutality at the direction of Defendant Employees which could

11 clearly be construed as intimidation or coercion.  Consequently,

12 Defendant Employees' Motion to Dismiss Plaintiff's Sixth Claim is

13 DENIED.

14

15    **7.   Seventh Claim - Negligence Per Se**

16

17    As with the foregoing claims, Defendant State and DJJ

18 contend they are immune from this Seventh Claim.  The Court

19 agrees as explained above.  Accordingly, Defendant State and

20 DJJ's Motion to Dismiss this Seventh Claim is GRANTED with leave

21 to amend.

22    Herrera and Defendant Employees move to dismiss this claim

23 on the ground that it fails to allege a cause of action but,

24 rather, merely alleges these Defendants have mandatory duties

25 under California laws and that those duties were violated.

26 Plaintiffs have failed to oppose this portion of Defendants'

27 Motion.

28 ///

13

1    Despite Plaintiff's failure to oppose this Seventh Claim,

2    the Court finds Plaintiff has adequately alleged a cause of

3    action for negligence per se.  Specifically, Plaintiff has

4    alleged the precise regulation pursuant to which he seeks redress

5    under this legal theory.  *See* Compl. ¶ 37 (citing Cal. Code of

6    Regs. Tit. 15, Div. 4, Sec. 4039; 4040).  Plaintiff alleges these

7    regulations were violated during the course of his restraint.

8    Accordingly, Plaintiff has stated sufficient allegations to state

9    this Seventh Claim.  Herrera and Defendant Employees' Motion to

10   Dismiss is DENIED.

11

12   **8.   Eighth Claim - Failure to Summon Medical Care**

13

14   Defendants seek to dismiss this claim on the ground that

15   there is no requirement under California Government Code

16   section 845.6 to summon "immediate" medical care.  However,

17   Defendants argue, the statute does not mandate a duty to provide

18   reasonable medical care.  Defendants go on to argue the duty to

19   provide medical care is limited to occasions where the public

20   entity intentionally or unjustifiably fails to furnish immediate

21   medical care and that Plaintiff has failed to allege any of the

22   foregoing statutory predicates.

23   Plaintiff rebuts that paragraph 41 of the Complaint is

24   sufficient to put Defendants on notice of the allegations facing

25   them.  In addition, Plaintiff argues the specifics of how and

26   whether Defendants were intentional or unjustifiable in their

27   actions cannot be ascertained absent further discovery.  The

28   Court agrees.

14

1     Paragraph 41 of the Complaint alleges that Plaintiff was in

2 need of immediate medical care, that Defendants were aware of

3 that need and unreasonably failed to accommodate that need.

4 Those allegations are sufficient to meet the notice pleading

5 standard of Rule 8 under the Federal Rules of Civil Procedure.

6 Consequently, Defendants' Motion to Dismiss Plaintiff's Eighth

7 Claim is DENIED.

8

9     **9.    Ninth Claim - Civil Code Section 51.7**

10

11     Plaintiff's Ninth Claim arises under California Civil Code

12 section 51.7.  Defendants first allege immunity for Defendant

13 State and DJJ.  As explained above, the Court agrees that

14 immunity exists for claims arising against these Defendants.

15 Accordingly, this Ninth Claim against Defendant State and DJJ is

16 DISMISSED with leave to amend.

17     Herrera and Defendant Employees allege Plaintiff's Ninth

18 Claim fails as he did not allege the acts of which he complains

19 were motivated by gender, race or membership in a protected

20 class.  Defendants are correct that a claim arising under this

21 Section 51.7 affords relief only when the offense is committed

22 with improper motives.  *See* Cal. Civ. Code § 51.7.  Because the

23 Complaint does not allege the incident was motivated by gender,

24 race or membership in a protected class, it fails to properly

25 state a claim for relief.  Consequently, Herrera and Defendant

26 Employees' Motion to Dismiss Plaintiff's Ninth Claim is GRANTED

27 with leave to amend.

28 ///

1

**CONCLUSION**

2

3      For the reasons set forth above, Defendant State and DJJ's
4  Motion to Dismiss Plaintiff's First Claim is GRANTED without
5  leave to amend.  Defendant State and DJJ's Motion to Dismiss
6  Plaintiff's Third, Fourth, Sixth, Seventh and Ninth Claims is
7  GRANTED with leave to amend.  Defendant State and DJJ's Motion to
8  Dismiss Plaintiff's Fifth Claim is DENIED inasmuch as it seeks to
9  dismiss Plaintiff's Eighth Amendment Claim.  Defendant State and
10  DJJ's Motion to Dismiss Plaintiff's Fifth Claim inasmuch as it
11  seeks to dismiss Plaintiff's Fourteenth Amendment claim is
12  GRANTED without leave to amend.  Defendant State and DJJ's Motion
13  to Dismiss Plaintiff's Eighth Claim is DENIED.
14      Defendant Herrera and Defendant Employees' Motion to Dismiss
15  Plaintiff's First, Second, Third, Sixth, Seventh and Eighth
16  Claims is DENIED.  Defendant Herrera and Defendant Employees'
17  Motion to Dismiss Plaintiff's Fourth Claim is GRANTED with leave
18  to amend.  Defendant Herrera and Defendant Employees' Motion to
19  Dismiss Plaintiff's Fifth Claim is DENIED inasmuch as it seeks to
20  dismiss Plaintiff's Eighth Amendment Claim.  Defendant Herrera
21  and Defendant Employees' Motion to Dismiss Plaintiff's Fifth
22  Claim inasmuch as it seeks to dismiss Plaintiff's Fourteenth
23  Amendment claim is GRANTED without leave to amend.  Defendant
24  Herrera and Defendant Employees' Motion to Dismiss Plaintiff's
25  Ninth Claim is GRANTED with leave to amend.
26  ///
27  ///
28  ///

1     Plaintiff is hereby granted twenty (20) days from the date
2  of this Order to file an Amended Complaint.
3     IT IS SO ORDERED.
4
   Dated: July 9, 2007
5
6
7                                          _____
                                           MORRISON C. ENGLAND, JR.
8                                          UNITED STATES DISTRICT JUDGE
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                    17